**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

PHILIP SCIACQUA,                          Case No.: 9:16-bk-07949-FMD
                                          Chapter 13

                  Debtor.

_____/

**DEBTOR'S MOTION TO APPROVE**
**DEBTOR'S RELEASE OF CLAIMS AND REQUEST FOR WAIVER OF INTEREST**
*(Relating to a Product Liability Claim)*

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional 3 days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file your response with the Clerk of Court at United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602, and serve a copy on The Dellutri Law Group, P.A., 1436 Royal Palm Square Blvd., Fort Myers, Florida 33919, any other appropriate persons within the time allowed. If you file and serve response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

COMES NOW the Debtor, by and through undersigned counsel, and hereby moves this

Court to approve the release and waiver by the Debtor of any product liability claims (the "Claim").

In support, Debtor states as follows:

1.    The Debtor filed a Chapter 13 Bankruptcy on September 14, 2016.

2.      The Debtor's wife has a potential products liability claim and the Debtor's wife and the product manufacturer have reached a settlement on the matter in the gross settlement amount of $400,000.00.

3.      The wife's ("Claimant") matter arose before filing this bankruptcy case.

4.      The Debtor was not married at the time of the Claimant's asserted injury.

5.      The Debtor is not a named Plaintiff against the product manufacturer since he was not married to the Claimant at the time the action was filed.

6.      For the reasons listed above, the Debtor, the Trustee and the Bankruptcy Court have no interest or claims related to or arising from the Claimant's claims.

7.      As part of the settlement of the Claimant's claims, the Debtor, as the spouse, is required to sign a Release (defined below) of Claim.

8.      Accordingly, the Debtor seeks authority to enter into, execute and deliver any and all release documentation required by defendants and any other documents or instruments, if any, necessary or appropriate in order to effectuate the release of claims (the "Release"); upon the Release becoming effective in accordance with the terms, all persons and entities, including, without limitation, the Debtor, the Trustee and the bankruptcy estate, and any person or entity claiming, or who could claim, by, and through or on behalf of the Debtor, the Trustee and/or the bankruptcy estate, shall be and hereby are permanently enjoined from asserting or prosecuting any released claims; and the Release, and any and all documents and instruments executed by the Debtor agreeing to the release of the claims, is and shall be valid, binding and enforceable according to their terms.

9.      The Debtor requests that the Court approve the release and waiver of the Debtor's and the bankruptcy estate's interest (if any) in the Claim and the wife's settlement for the reasons stated above.

10.     It is in the best interest of the Debtor that this Motion be granted and the Debtor's entry into the Release be approved.  .

**WHEREFORE**, the Debtor respectfully requests this Honorable Court:

1.      Grant this Motion;

2.      Authorize the Debtor to enter into, execute and deliver any and all release documentation required by Defendants and any other documents necessary in order to effectuate the release of claims as stated above, including the Release.

3.      Approve attorney's fees to Debtor's counsel in the amount of $300 if no hearing is required, $400 if a hearing is required or as applied for if an evidentiary hearing is required for this motion and other costs; and

4.      Grant such other and further relief as this Honorable Court deems necessary and just.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Boulevard
Fort Myers, Florida 33919
Phone: (239) 939-0900
Facsimile: (239) 939-0588


/s/ Jeffrey Lampley
Jeffrey Lampley, Esq.
FBN: 011159

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished **electronically via CM/ECF** to the persons named below on June 30, 2017:

Assistant U.S. Trustee

Jon Waage

All persons receiving notice via CM/ECF

----------------------------------------And by **US first class mail** to:

Philip Sciacqua, 129 Erie Drive, Naples, FL 34110

All creditors on the Court's mailing matrix

> THE DELLUTRI LAW GROUP, P.A.
> 1436 Royal Palm Square Boulevard
> Fort Myers, Florida 33919
> Phone: (239) 939-0900
> Facsimile: (239) 939-0588
>
>
> /s/ Jeffrey Lampley
> Jeffrey Lampley, Esq.
> FBN: 0111591